UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:
_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 25-00051 |
| AEGIS SECURITY INSURANCE CO., | : | |
| Defendant. | : | |

_____

## **COMPLAINT**

Plaintiff, the United States, through its undersigned attorneys, alleges as follows:

1. This action is brought against defendant Aegis Security Insurance Company (Aegis) to recover unpaid duties and interest in the amount of $1,936,800.00, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

2. This Court possesses jurisdiction under 28 U.S.C. § 1582(2).

3. Aegis is a surety that issues customs bonds to importers.

4. Customs bonds, which are required by statute, protect the revenue in the event that an importer fails to pay the duties that it owes.

5. Aegis issued 28 single-transaction bonds (the subject bonds) to importer D M T International Inc. (DMT).

6. Each of the subject bonds was required by U.S. Customs and Border Protection (CBP) regulation to incorporate the terms listed 19 C.F.R. § 113.62.

7. Each of the subject bonds, incorporating the terms listed in 19 C.F.R. § 113.62(a)(1), provided that Aegis and DMT "joint and severally" agreed to "[p]ay, as

demanded by CBP, all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by this bond."

8. The subject bonds secured DMT's 28 entries (the subject entries) of fresh garlic from the People's Republic of China (China).

9. The subject entries are identified by the following 28 entry numbers: 31601146314, 31601146322, 31601146330, 31601146348, 31601146355, 31601146363, 31601158384, 31601158392, 31601158400, 31601158418, 31601158426, 31601158434, 31601158442, 31601158459, 31601158467, 31601160109, 31601160117, 31601160125, 31601160133, 31601160141, 31601160158, 31601160166, 31601160174, 31601161826, 31601161834, 31601167120, 31601170926, and 31601175917.

10. The subject entries of fresh garlic from China were subject to an antidumping duty order issued by the U.S. Department of Commerce, *Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Com. Nov. 16, 1994).

11. Aegis knew or should have known at the time it issued the subject bonds that DMT was a new shipper importing goods subject to an antidumping duty order.

12. The subject entries liquidated by operation of law at the country-wide antidumping duty rate of 376.67 percent *ad valorem*.

13. CBP issued 28 bills (the subject bills) for payment of the duties ascertained after liquidation of the subject entries.

14. The subject bills are identified by the following 28 bill numbers: 47926286000, 47926287000, 47926288000, 47926289000, 47926290000, 47926291000, 47926292000, 47926293000, 47926294000, 47926295000, 47926296000, 47926297000, 47926298000, 47926299000, 47926300000, 47926301000, 47926302000, 47926303000, 47926304000,

47926305000, 47994829000, 47926306000, 47926307000, 47926308000, 47926309000, 47926310000, 47926311000, and 47926313000.

15. DMT did not pay the subject bills within 30 days of their issuance.

16. Aegis did not pay the subject bills within 30 days of their issuance.

17. To this date, neither DMT nor Aegis has paid any of the subject bills.

18. When the subject bills remained unpaid, delinquency interest accrued upon the principal balance of the subject bills in accordance with 19 U.S.C. § 1505(d).

19. The total face value of the subject bonds combined is $1,936,800.00.

20. The outstanding liability for the unpaid duties and the delinquency interest that has accrued since the initial date of billing as to each of the subject entries exceeds the face value of each of the corresponding subject bonds.

21. CBP demanded payment from Aegis for the subject bills up to the face value of the subject bonds beginning on or about October 3, 2019, and monthly thereafter, via "612 Reports."

22. Aegis did not protest CBP's demand for payment of the subject bills.

23. Aegis refused to pay CBP upon its demand for payment of the subject bills.

24. Aegis's refusal to pay has afforded it a windfall consisting of $1,936,800.00 in revenue owed to the United States, the time value of that money, and the premiums that DMT paid Aegis for the subject bonds.

25. By refusing to pay upon CBP's demand, Aegis materially breached the terms of the subject bonds and is liable to the United States for the face value of each bond, or $1,936,800.00 in total, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

WHEREFORE, the United States respectfully requests that this Court grant judgment in its favor and against defendant in the amount of $1,936,800.00, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961; and grant the United States such other and further relief as may be just and appropriate.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
SUZANNA HARTZELL-BALLARD
Senior Attorney
Office of Assistant Chief Counsel – Indianapolis
U.S. Customs and Border Protection
Attn: Mail Stop 103 C-1
8899 E. 56th Street
Indianapolis, Indiana 46249

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-9236
*Attorneys for Plaintiff*

Dated: February 28, 2025