## UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| UNITED STATES OF AMERICA,  <br>   Plaintiff,  <br>v.  <br>AEGIS SECURITY INSURANCE COMPANY,  <br>   Defendant. | Court No. 25-00051 |

### ORDER

Upon consideration of Defendant's motion for a more definite statement, other papers filed in this matter, and upon due deliberation, it is hereby

**ORDERED** that Defendant's motion be and is hereby granted; and it is further

**ORDERED** that the Plaintiff shall file a more definite statement within 14 days of this this order or its complaint will be dismissed; and it is further

**ORDERED** that Defendant's response to the complaint is due 30 days after plaintiff files a more definite statement or, the entering of an order denying this motion.

 

_____-
                                    JUDGE

Dated: This \_\_\_ day of \_\_\_\_\_, 2025
       New York, New York

1

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>AEGIS SECURITY INSURANCE COMPANY,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)   Court No. 25-00051<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Aegis Security Insurance Company ("Aegis" or "Defendant"), pursuant to United States Court of International Trade (USCIT) rule 12(e),[1] respectfully moves this Court for an order requiring plaintiff, Plaintiff, the United States of America (the "United States" or "Government"), to submit a more definite statement.

### BACKGROUND

This is a civil action brought by Plaintiff against Defendant, a surety, for the collection of alleged unpaid antidumping duties in the amount of $1,936,800.00, plus interest. Pursuant to USCIT Rule 8(a)(2), the Plaintiff was required to include in its complaint a short and plain statement of the claim demonstrating its entitlement to relief. Plaintiff fails to satisfy this requirement.

---

[1] Requiring the United States to file a more definite statement clarifying its complaint enables Aegis to prepare the most appropriate response, and thus also promotes the spirit of USCIT Rule 1 by aiding in securing a "just, speedy, and inexpensive determination of every action and proceeding." *See* USCIT Rule 1.

## ARGUMENT

"The purpose of a motion for a more definite statement is to correct a pleading 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]'" *United States v. KAB Co.*, 21 CIT 297 (Ct. Int'l Trade 1997). Here, Aegis cannot reasonably prepare a response to the complaint because it fails to clearly and unambiguously state all of the facts upon which the United States bases its alleged entitlement to relief. Demonstrating an entitlement to relief would require clear and concise statements showing that the surety issued bonds securing identified entries, that those entries were made, that the duties amounts on the entries became fixed through a liquidation or deemed liquidation, and then finally, that the due and legally fixed liability went unpaid. *United States v. American Home Assurance Company*, 653 F. Supp. 3d 1277, 1289 (Ct. Int'l Trade 2023). Plaintiff's complaint fails to do so.

First, the Government simply alleges in a conclusory fashion that "Aegis issued 28 single-transaction bonds (the subject bonds) to importer DMT International Inc," (Compl. at 5) but does not allege a single fact concerning the bonds. Indeed, the Government fails to list bond numbers, effective dates of the bonds, or even attach copies of the bonds to its complaint. Likewise, other than providing the 28 entry numbers alleged to be at issue, the Government fails to allege the dates when the entries were made, the ports in which they were made, the producer and/or exporter of the merchandise covered by the entries. The Government also fails to allege whether the entries were made as antidumping entries[2] the rates at which they were entered, which is especially critical when the Government is claiming a deemed liquidation at the rate of duty declared at entry. The Government does not even attach the subject entries to the complaint.

---

[2] In contrast, here, the Government alleges only that the entries were "subject to an antidumping duty order…". Compl. At 10.

Next, establishing an entitlement to relief under USCIT Rule 8(a) would require clear and concise facts to plausibly establish that the surety's liability became fixed. It is well settled that a surety's liability does not become fixed until liquidation, whether it is an actual liquidation or a deemed liquidation. *AHAC*, 653 F.3d at 1289. It is further well settled that if an entry is suspended as a result of antidumping duties, the entry cannot be deemed liquidated, if at all, until the suspension is lifted. Here the Government alleges in a conclusory fashion that "the subject entries liquidated by operation of law at the country-wide antidumping rate of 376.67 percent *ad valorem*." Compl. At 12. Deemed liquidations occur by operation of law as a result of certain underlying facts, however, and the Government failed to plead a single fact supporting its alleged entitlement to relief.

"[T]he Federal Circuit has held that entries are deemed liquidated when: (1) Commerce removes the suspension of liquidation; (2) Customs receives notice of the removal; and (3) Customs fails to liquidate the entries within six months of receiving such notice." *Fraserview Remanufacturing v. United States*, 678 F. Supp. 3d 1371, 1382 (Ct. Int'l Trade 2024) (Internal Citations Omitted). As such, the Government must plead facts sufficient to support its conclusion that a deemed liquidation occurred here, including that the entries were suspended, the date that Commerce lifted the suspension, that CBP failed to take action within 6 months of publication, and the date of the deemed liquidation. The Government has failed to do so. More specifically, the Government fails to plead that the entries were made as Type 03, that any of the entries were suspended, any facts concerning any administrative review by Commerce or the date any final results were published, and that CBP failed to liquidate within six months of the publication.

The Government's failures are inexcusable. The Government understands its pleading requirements well and has repeatedly demonstrated its ability to properly plead. Indeed, this is the

4

third in a series of similar cases brought against Aegis. Prior to the instant case, the Government filed Court Nos. 20-3628 and 22-00327. Complaints attached hereto as Exhibits A and B respectively. In Court No. 20-3628 (*Aegis I*) the Government pled in its amended complaint the execution, effective and termination dates of the bond (Exhibit A at 7, 10), and attached a copy of the bond (*Id*. at 9). Likewise in Court No. 22-0037 (*Aegis II*) the Government pled the date that the subject bond was executed, alleged a tie between the bond and the entry at issue, and again attached a copy of the bond. Exhibit B at 10-11.

Next, in *Aegis I,* the Government pled the date ranges for the subject entries and the applicable ports of entry, and even provided copies of the subject entries. Exhibit A at 11. The Government also pled that the merchandise was entered as Type 03 entries subject to antidumping duties and set forth the entered rates. *Id*. 13. Similarly, in *Aegis II*, the Government pled the relevant entry number, port of entry, the exporter, and that the importer made the entries as Type 03. Exhibit B at 7-9

Finally, In *Aegis I* the Government pled the date the entries became deemed liquidated. Exhibit A at 17. Similarly, in *Aegis II* the Government pled the date of the applicable administrative review (Exhibit B at 14), the date Commerce published the final results of its administrative review (*Id*. at 15), that CBP failed to liquidate the entry within the 6 months following the publication of the final results, and the date of the alleged deemed liquidation (*Id*. at 17).

In contrast to *Aegis I* and *Aegis II*, it appears here that the Government is trying to pare down its complaint as much as possible to avoid a fulsome understanding of the facts it believes entitle it to relief.

5

In sum, the complaint does not contain clear, concise, and direct allegations as required by the rules of this Court, nor does it set forth a plain statement showing the Government's entitlement to the relief it seeks sufficient to allow Aegis to properly respond.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court grant Defendant's motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Jason M. Kenner* | */s/ Jeffery M. Telep* |
| Jason M. Kenner | Jeffery M. Telep |
| Sandler, Travis & Rosenberg P.A. | King & Spalding LLP |
| 675 Third Avenue | 1700 Pennsylvania Avenue NW |
| Suite 2425 | Suite 900 |
| New York, New York 10017 | Washington, D.C. 20006 |
| Tel.: 212-549-0137 | Tel.: 202-626-2390 |
| E-Mail: jkenner@strtrade.com | E-Mail: jtelep@kslaw.com |

*Attorneys for Defendant Aegis Security Insurance Company*

Dated: May 8, 2025