UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| UNITED STATES, <br><br>           Plaintiff, <br><br>           v. <br><br>AEGIS SECURITY INSURANCE CO., <br><br>           Defendant. | Court No. 25-00051 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
SUZANNA HARTZELL-BALLARD
Senior Attorney
Office of Assistant Chief Counsel – Indianapolis
U.S. Customs and Border Protection

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-9236

Dated: May 29, 2025

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.    A Motion For A More Definite Statement Is Not A Substitute For Discovery .................. 2

    II.    The Government Need Not Provide A More Definite Statement To Allege Facts That Are Not Required By USCIT Rule 8(a) And That Relate To Potential Affirmative Defenses .......... 3

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*CoorsTek Korea Ltd. v. Loomis Prods. Co.*,
  586 F. Supp. 3d 331 (E.D. Pa. 2022) ............................................................. 2, 3, 5

*Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*,
  872 F. Supp. 2d 1353 (S.D. Fla. 2012) ................................................................ 3

*Laufer Grp. Int'l, Ltd. v. Standard Furniture Mfg. Co., LLC*,
  2020 WL 4735123 (S.D.N.Y. Aug. 14, 2020) ..................................................... 3

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
  112 F.4th 144 (2d Cir. 2024) ................................................................................ 4

*United States v. Aegis Sec. Ins. Co.*,
  693 F. Supp. 3d 1328 (Ct. Int'l Trade 2024) ........................................................ 2

*United States v. Am. Home Assur. Co.*,
  653 F. Supp. 3d 1277 (Ct. Int'l Trade 2023) ..................................................... 2, 4

*United States v. KAB Trade Co.*,
  21 C.I.T. 297 (1997) ............................................................................................. 2

*United States v. Zatkova*,
  791 F. Supp. 2d 1305 (Ct. Int'l Trade 2011) ........................................................ 3

*WB Music Corp. v. Futuretoday, Inc.*,
  2018 WL 4156589 (C.D. Cal. Aug. 28, 2018) .................................................. 3, 5

**Rules**

Federal Rule of Civil Procedure 12(e) ........................................................................ 3

USCIT Rule 1 ............................................................................................................. 5

USCIT Rule 12(e) ............................................................................................... 1, 2, 3

USCIT Rule 8(a) .................................................................................................... 1, 3

USCIT Rule 8(a)(2) .................................................................................................... 5

USCIT Rule 8(d)(1) .................................................................................................... 4

USCIT Rule 9(b) ......................................................................................................... 1

USCIT Rule 9(c) ......................................................................................................... 5

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2025) ................................................................................................................................. 3, 5

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| UNITED STATES, : <br> : <br> Plaintiff, : <br> : <br> v. : Court No. 25-00051 <br> : <br> AEGIS SECURITY INSURANCE CO., : <br> : <br> Defendant. : <br> : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, the United States (the Government), respectfully submits this response in opposition to defendant Aegis Security Insurance Co.'s motion for a more definite statement pursuant to Rule 12(e) of the United States Court of International Trade (USCIT).

**INTRODUCTION**

The Government filed a complaint against Aegis for breach of 28 single-transaction bonds. ECF No. 3 (Compl.). Aegis issued those bonds to secure specified entries of specified goods, subject to a specified antidumping duty order, made by a specified importer, resulting in specified bills and U.S. Customs and Border Protection's demand for payment, for a specified amount, that it sent to Aegis on a specified date. Compl. ¶¶ 5, 8-9, 13-14, 19, 21. That more than satisfies the liberal pleading requirements of USCIT Rule 8(a), which do not require breach of contract claims to be pleaded with particularity, *cf.* USCIT Rule 9(b).

Aegis moves for a more definite statement, claiming that the complaint "fails to clearly and unambiguously state all of the facts upon which the United States bases its alleged entitlement to relief," ECF No. 9 (Mot.) at 3, but that misstates the standard. The complaint must be "so vague or ambiguous

that [Aegis] cannot reasonably prepare a response." USCIT Rule 12(e). Yet Aegis does not deny knowing precisely which bonds the Government alleges it breached.

We anticipate that Aegis is seeking a more detailed complaint so that it can raise certain affirmative defenses at the pleading stage (*e.g.*, a statute-of-limitations defense). Mot. at 3 (citing *United States v. Am. Home Assur. Co.*, 653 F. Supp. 3d 1277, 1289 (Ct. Int'l Trade 2023) ("*AHAC*")). But a motion for a more definite statement is not a substitute for discovery, and a plaintiff is under no obligation to plead facts supporting or negating an affirmative defense in the complaint. And Aegis has appropriately fleshed out its defenses at summary judgment in similar cases like *United States v. Aegis Sec. Ins. Co.*, 693 F. Supp. 3d 1328 (Ct. Int'l Trade 2024), and *United States v. Aegis Sec. Ins. Co.*, Court No. 22-00327, ECF Nos. 30-31 (Ct. Int'l Trade).

Because the complaint is not "so vague or ambiguous" that Aegis "cannot reasonably prepare a response," USCIT Rule 12(e), the Court should deny its motion for a more definite statement.

## ARGUMENT

**I.     A Motion For A More Definite Statement Is Not A Substitute For Discovery**

Under USCIT Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion … must point out the defects complained of and the details desired." The Rule's purpose, however, "is not to convert a pleading into an evidentiary record sufficient to support a motion for summary judgment." *United States v. KAB Trade Co.*, 21 C.I.T. 297, 303 (1997). Accordingly, a more definite statement is generally required only where a "complaint is unintelligible," or the defendant "cannot decipher the claims against it"—not where the complaint "lacks sufficient detail" to support "fact-based affirmative defenses." *CoorsTek Korea Ltd. v. Loomis Prods. Co.*, 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022); *WB Music Corp. v. Futuretoday, Inc.*, 2018 WL

2

4156589, at *3 (C.D. Cal. Aug. 28, 2018) ("A motion for a more definite statement is improper when the 'defects complained of and the details desired' relate solely to affirmative defenses."); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2025) ("The purpose of Rule 12(e) is to permit litigants to procure information needed to frame a responsive pleading, not as a substitute for discovery….").[1]

    **II.**   **The Government Need Not Provide A More Definite Statement To Allege Facts That Are Not Required By USCIT Rule 8(a) And That Relate To Potential Affirmative Defenses**

Aegis does not contend that the complaint is "unintelligible" or that it "cannot decipher the claims against it." *CoorsTek*, 586 F. Supp. 3d at 338. That is because the complaint plausibly alleges that Aegis (1) issued 28 specific single-transaction bonds to a specific importer, identified by specific entry numbers, (2) the terms of which incorporated a regulation requiring Aegis to pay on Customs' demand, and that (3) Aegis did not pay the amounts due on the bonds on demand. That is all that the Government must plead to state a breach of contract claim. *See, e.g.*, *Laufer Grp. Int'l, Ltd. v. Standard Furniture Mfg. Co., LLC*, 2020 WL 4735123, at *5 (S.D.N.Y. Aug. 14, 2020) (explaining that "[a] plaintiff is not required to attach a copy of the contract or plead its term verbatim," and that "[c]ourts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-*Twombly* and *Iqbal*") (quotations omitted); *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1359 (S.D. Fla. 2012) (denying a motion for a more definite statement where the plaintiff alleged that it "entered certain agreements with" the defendant, that the plaintiff "performed its obligations under the agreements," and that the defendant "breached the agreements by failing to pay amounts due to" the plaintiff). And there is no doubt as to which bonds are

---

[1] "[T]he court may consider decisions and commentary on" Federal Rule of Civil Procedure 12(e) "for guidance" in applying the "substantially identical" USCIT Rule 12(e). *United States v. Zatkova*, 791 F. Supp. 2d 1305, 1308 n.1 (Ct. Int'l Trade 2011).

3

at issue because, as Aegis well knows, single-transaction bonds are identified by the entry numbers of the entries that they secure. *United States v. Aegis Sec. Ins. Co.*, Court No. 22-00327, ECF No. 31-20 at 14 (Ct. Int'l Trade Oct. 21, 2024) (Aegis's summary-judgment exhibit depicting a single-transaction bond it issued that is identified solely by the entry number of the entry that the bond secures). Indeed, nowhere in its motion does Aegis deny knowing which bonds are the subject of this case, and Aegis has even begun formulating potential defenses. *See* Mot. at 3-4.

But Aegis says the Government must allege a laundry-list of other facts: "dates when the entries were made, the ports in which they were made, the producer and/or exporter of the merchandise covered by the entries," "the rates at which" the goods "were entered," copies of "the subject entries" themselves, whether "the entries were suspended, the date that" the U.S. Department of Commerce "lifted the suspension," whether U.S. Customs and Border Protection "failed to take action within 6 months of publication" of the lifting of suspension, the "date of the deemed liquidation," and "that the entries were made as Type 03." Mot. at 3-4. These facts have nothing to do with whether the Government has stated a claim, let alone with the standard that actually applies to Aegis's motion: whether the Government's complaint is so ambiguous or vague that Aegis cannot reasonably be expected to respond. But they have everything to do with affirmative defenses that Aegis would like to raise.

For example, Aegis claims that the Government must plead entry and liquidation dates with particularity, citing only a decision ruling on a surety's statute-of-limitations defense on summary judgment as support. Mot. at 3 (citing *AHAC*, 653 F. Supp. 3d at 1289). The statute of limitations, however, is an affirmative defense. USCIT Rule 8(d)(1). And the Government is "under *no obligation* to plead facts supporting or negating an affirmative defense in the complaint." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 154 (2d Cir. 2024).

4

Aegis also says that the Government has not pleaded sufficient facts to demonstrate that the entries at issue liquidated, Mot. at 4, but once again cites only *AHAC*, a case addressing a surety's affirmative defenses on summary judgment, as support. In any event, even if liquidation of the entries secured by Aegis's bonds were a condition precedent that must be pleaded, "it suffices to allege generally" that liquidations "have occurred." USCIT Rule 9(c). The Government has met that low bar by pleading that the subject entries liquidated. Compl. ¶ 11. It then falls on Aegis to plead "with particularity" that liquidations have not occurred, if it actually believes that to be the case. USCIT Rule 9(c).

Finally, Aegis points to complaints in other cases that the Government filed to recover on bonds that Aegis breached and suggests that the Government's allegations here are required to have the same amount of detail. Mot. at 4-5. Not so. Complaints in other cases do not make it any less clear to Aegis what bonds are at issue in this case. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." USCIT Rule 8(a)(2). Discovery, by contrast, is where "a fulsome understanding of the facts," Mot. at 5, is developed. In fact, in keeping with USCIT Rule 1, the Government would be amenable to conferring with Aegis to identify a set of undisputed facts (for example, dates of entry and liquidation) that can be filed with the Court, with an eye toward narrowing the disputed issues. But Aegis cannot demand these facts at the pleading stage. *CoorsTek*, 586 F. Supp. 3d at 338; *WB Music*, 2018 WL 4156589, at *3; 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2025).

## CONCLUSION

For these reasons, the Court should deny Aegis's motion for a more definite statement.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
SUZANNA HARTZELL-BALLARD
Senior Attorney
Office of Assistant Chief Counsel – Indianapolis
U.S. Customs and Border Protection

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-9236
*Attorneys for Plaintiff*

Dated: May 29, 2025

6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Court No. 25-00051 |
| : | |
| AEGIS SECURITY INSURANCE CO., : | |
| : | |
| Defendant. : | |

**CERTIFICATE OF COMPLIANCE**

    I, LUKE MATHERS, a trial attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1,563 words.

/s/ Luke Mathers
LUKE MATHERS