**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HON. CLAIRE R. KELLY, JUDGE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 25-00051 |
| v. | ) | |
| | ) | |
| AEGIS SECURITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PROPOSED ORDER</u>

Upon consideration of Defendant's motion to dismiss for failure to state a claim upon which relief may be granted, other papers filed in this matter, and upon due deliberation, it is hereby

ORDERED that Defendant's motion be and is hereby granted; and it is further

ORDERED that this action is dismissed.

_____
JUDGE KELLY

Dated: This ___ day of _____, 2025
        New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HON. CLAIRE R. KELLY, JUDGE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No. 25-00051 |
| AEGIS SECURITY INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## <u>DEFENDANT'S MOTION TO DISMISS</u>

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of International Trade, Defendant respectfully requests that this Court dismiss this action with prejudice for failure to state a claim upon which relief may be granted. The reasons for our motion are set forth in the accompanying memorandum.

WHEREFORE, Defendant respectfully requests that an order be entered granting Defendant's motion to dismiss and granting Defendant such other and further relief as may be just and appropriate.

Jason M. Kenner
Sandler, Travis & Rosenberg P.A.
675 Third Avenue
Suite 2425
New York, New York 10017
Tel.: 212-549-0137
E-Mail: jkenner@strtrade.com

Jeffery M. Telep
King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Tel.: 202-626-2390
E-Mail: jtelep@kslaw.com

*Attorneys for Defendant Aegis Security Insurance Company*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) <br>                           ) <br>          Plaintiff,     ) <br>                           ) <br>         v.             ) <br>                           ) <br> AEGIS SECURITY INSURANCE COMPANY,   ) <br>                           ) <br>         Defendant.    ) | Court No. 25-00051 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS**

Jason M. Kenner
Sandler, Travis & Rosenberg P.A.
675 Third Avenue
Suite 2425
New York, New York 10017
Tel.: 212-549-0137
E-Mail: jkenner@strtrade.com

Jeffery M. Telep
King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Tel.: 202-626-2390
E-Mail: jtelep@kslaw.com

*Attorneys for Defendant Aegis Security Insurance Company*

# Table of Contents

NATURE OF THE CASE ........................................................................................................1

BACKGROUND ..................................................................................................................2

     A.    Surety Liability for Customs' Duties ...................................................... 2

     B.    The Subject Entries ............................................................................... 2

     C.    Customs' Demand on Aegis ................................................................. 4

STANDARD OF REVIEW ....................................................................................................4

ARGUMENT .......................................................................................................................5

     A.    The United States' Cause of Action Against Aegis For Duties Due On The Subject Entries Is Barred By The Six-Year Statute Of Limitations Set Forth In 28 U.S.C. § 2415(a) .......................................... 5

     B.    The Statute of Limitations Begins To Run Upon The Deemed Liquidation of the Subject Entries ......................................................................... 5

     C.    Section 1505 Confirms The Statute of Limitations Against A Customs Surety To Collect On A Bond Commences Upon Deemed Liquidation ................ 9

CONCLUSION ..................................................................................................................12

CERTIFICATE OF COMPLIANCE ......................................................................................13

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................... 8

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) ............................................. 8

*Fraserview Remanufacturing v. United States*, 678 F.Supp. 3d 1371, 1382 (Ct. Int'l
   Trade 2024) ................................................................................................................ 7

In *re H.L. Herbert & Co.*, 262 F. 682, 684 (2d Cir. 1919) ........................................... 16

*Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir.
   2013) ........................................................................................................................... 8

*Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1218 (Fed. Cir.
   2018) ............................................................................................................... 5, 10, 15

*United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) ............... 8

*United States v Cocoa Berkau*, 990 F. 2d 610, 614 (Fed. Cir. 1993) .......................... 14

*United States v, Am. Home Assurance Co.*, (*AHAC*), 653 F. Supp. 3d 1277, 1289 .............. passim

*United States v. Aegis Security Insurance Company*, No. 22-00327, 2025 WL
   1650025 ( Int'l Trade June 11, 2025) (*Aegis II*) ......................................... 10, 11, 15

*United States v. Ataka Am., Inc.*, 826 F. Supp. 495, 503 (Ct. Int'l Trade 1993)). ....... 13

*United States v. Cocoa Berkau, Inc.*, 990 F.2d 610, 613 (Fed. Cir. 1993) .............. 9, 11

*United States v. Great Am. Ins. Co.*, 791 F. Supp. 2d 1337, 1367-68 (Ct. Int'l Trade
   2011 .......................................................................................................................... 12

*United States v. Ho*, 582 F. Supp.3d 1325 ( Ct. Int'l Trade 2022) ................................ 8

*United States v. Int'l Fid. Ins. Co.*, 273 F. Supp. 3d 1170, 1177 (Ct. Int'l Trade 2017) ............. 11

**Statutes**

19 U.S.C. § 1500 ............................................................................................................. 7

19 U.S.C. § 1504 ......................................................................................................... 7, 14

19 U.S.C. § 1504(d) ......................................................................................... 7

19 U.S.C. § 1505 ................................................................................. 13, 14, 15

19 U.S.C. § 1505(b) ........................................................................... 13, 14, 15

19 U.S.C. § 1514(a) ........................................................................................ 7

28 U.S.C. 1582(2) ........................................................................................... 5

28 U.S.C. § 2415(a) ..................................................................................... 2, 9

19 U.S.C. § 1505(c). ..................................................................................... 14

19 U.S.C. § 1505(d) ....................................................................................... 15

**Other Authorities**

Antidumping Duty Order: Fresh Garlic From the People's Republic of China, 59 Fed. Reg. 59,209 ......................................................................................................... 6

H.R. Rep. No. 103-361, pt. 1, at 140 (1993) as reprinted in 1993 U.S.C.C.A.N. 2552, 2690. ....................................................................................................... 15

**Rulings**

*Application for Further Review of Protest No. 5201-13-100147*, No. HQ H249804, 2017 U.S. Custom HQ Lexis 1211, at *8 (Cust. B. & Dec. Apr. 3, 2017) ("HQ H249804") ...................................................................................................... 12

**Regulations**

19 C.F.R. § 141.1 ............................................................................... 7, 10, 15

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Court No. 25-00051 |
| v. | ) |
| | ) |
| AEGIS SECURITY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of International Trade, Defendant, Aegis Security Insurance Company, respectfully requests that the Court dismiss the amended complaint filed by the United States for failure to state a claim upon which relief may be granted.

### NATURE OF THE CASE

This is a civil action brought by Plaintiff, the United States of America (the "United States" or "Government"), against Defendant, Aegis Security Insurance Company ("Aegis" or "Defendant"), for the collection of unpaid antidumping duties and interest in the amount of $1,936,800, allegedly owed on twenty-eight entries of fresh garlic from the People's Republic of China ("PRC") "plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961." The entries were made by DMT International ("DMT," "principal," or "importer"). Amended Compl. ¶¶ 1, 5. The duties were allegedly secured by twenty-eight single transaction bonds ("STBs") with a penal value of

$1,936,800, underwritten by Aegis. *Id*. ¶¶ 5, 27. Plaintiff alleges a breach of the surety bond conditions and claims jurisdiction under 28 U.S.C. § 1582(2). *Id*. ¶¶ 2, 33. As discussed below, Plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief may be granted because this matter was commenced more than a decade after the governing six-year statute limitations had expired.

## BACKGROUND

### A.    Surety Liability for Customs' Duties

An importer becomes liable for duties owed at the moment its merchandise arrives in the United States. *Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1218 (Fed. Cir. 2018) (citing 19 C.F.R. § 141.1(a)). And the Government admits that the surety is jointly and severally liable with the importer for duties. Amended Compl. ¶ 7. Although liability attaches at entry, liability is not fixed until liquidation, because "[o]nly at *liquidation* is the amount of the debt for duties owed by the importer finally calculated and legally fixed." *United States v, Am. Home Assurance Co.*, (*AHAC*), 653 F. Supp. 3d 1277, 1289 (Ct. Int'l Trade 2023). Once liquidation does occur, however, whether by affirmative liquidation or a deemed liquidation, liability has attached and been fixed against both an importer and their surety, and duties are due and owing.

### B.    The Subject Entries

The Subject Entries are alleged to cover garlic imported from the PRC by DMT and supplied by Xiangcheng Yisheng Foodstuffs Co. Compl. ¶ 8. The Subject Entries were alleged to have been made between March 21, 2002, and August 13, 2002, and subject to an antidumping duty order on garlic from the PRC issued by the U.S. Department of Commerce ("Commerce") (Garlic Order). *See Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Com. Nov. 16, 1994). Amended Compl. ¶ 10, 12. During this period, the importer allegedly did not post cash deposits to secure its antidumping liability. Rather it

2

secured its liability through its sureties, including Aegis, under the then-applicable new shipper bond program administered by Commerce.[1]

Based upon the allegations in the Amended Complaint and relevant regulations, between March and August of 2002, Aegis became jointly and severally liable to Customs for duties as a result of the filing of the Subject Entries. Amended Compl. ¶ 7, 12, See also 19 C.F.R. § 141.1(a). Because the Subject Entries were subject to antidumping duties, however, liquidation of them was suspended and therefore the liability, though attaching at entry, was not yet fixed.

Per the amended complaint, the suspension of liquidation of the Subject Entries was lifted on December 7, 2004, via publication in the Federal Register that Commerce was "rescinding its review of Xiangcheng Yisheng Foodstuffs Co." for the relevant period of review. Amended Compl. ¶¶ 16, 18. CBP then alleges that it "took no action with respect to the subject entries within the six-month period after December 7, 2004." *Id*. ¶ 17. As a result, on June 7, 2005, six months after December 7, 2004, the Subject Entries were deemed liquidated. *See Fraserview Remanufacturing v. United States*, 678 F.Supp. 3d 1371, 1382 (Ct. Int'l Trade 2024) ("[T]he Federal Circuit has held that entries are deemed liquidated when: (1) Commerce removes the suspension of liquidation; (2) Customs receives notice of the removal; and (3) Customs fails to

---

[1]  As part of the 1993 North American Free Trade Agreement Implementation Act ("NIA") Congress authorized Customs to accept bonds in lieu of cash deposits to secure antidumping liability for new shippers of merchandise covered by an antidumping or countervailing duty order: "[t]he administering authority [*i.e.,* Commerce] shall, at the time a review under this subparagraph is initiated, direct the Customs Service to allow, at the option of the importer, the posting, until the completion of the review, of a bond or security in lieu of a cash deposit for each entry of the subject merchandise." 19 U.S.C. § 1675(a)(2)(B)(iii) (1993). Congress suspended the New Shipper Bonding Provision during the period April 1, 2006–June 30, 2009, as part of the Pension Protection Act of 2006, Pub. L. No. 109-280, § 1632(a), 120 Stat. 780, 1165. In March 2016, Congress repealed the New Shipper Bonding Provision effective July 1, 2009, via the Trade Facilitation and Trade Enforcement Act of 2015, Pub. L. No. 114-125, 130 Stat. 122 (2016). Customs' regulations implementing the New Shipper Review Bonding Provision mirrored the statute. 19 C.F.R. § 351.214(e).

liquidate the entries within six months of receiving such notice."); 19 U.S.C. § 1504(d).  As with a manual liquidation under 19 U.S.C. § 1500, the deemed liquidation of the Subject Entries was "final and conclusive upon all persons (including the United States and any officer thereof) …." 19 U.S.C. § 1514(a).  In other words, following the deemed liquidation at the at entered rate, DMT and Aegis's antidumping duty liability was fixed; Customs had no discretion whatsoever to alter the rate, duty, value, or quantity.

## C.    Customs' Demand on Aegis

The Government alleges that on April 17, 2019, Commerce issued liquidation instructions covering the Subject Entries, and on October 3, 2019, over fourteen years after the Subject Entries were deemed liquidated, Customs sent its first demand to Aegis.  Compl. ¶ 18, 28. Aegis did not pay the duties in response to the demand.  The United States then waited several more years, until February 28, 2025, to commence the instant action, nearly twenty years after the deemed liquidations of the Subject Entries.  Dkt. No. 2.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (citation omitted).  The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  "A complaint must have 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *United States v. Ho*, 582 F. Supp.3d 1325, 1329 (Ct. Int'l Trade 2022) (quoting *Twombly*, 550 U.S. at 555).  Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In deciding a motion to dismiss, the court must accept

well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations. *Twombly*, 550 U.S. at 555. As discussed below, based upon the facts alleged, even if true, it is clear that the United States' action is barred because of its failure to commence the action within the applicable six-year statute of limitations.  Its Amended Complaint should be dismissed.

## ARGUMENT

### A.    The United States' Cause of Action Against Aegis For Duties Due On The Subject Entries Is Barred By The Six-Year Statute Of Limitations Set Forth In 28 U.S.C. § 2415(a)

The plain language of 28 U.S.C. § 2415(a) controls this case.  Claims brought by the United States must be brought within six years of the date of accrual:

> **Time for commencing actions brought by the United States**
>
> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ….

28 U.S.C. § 2415(a).

### B.    The Statute of Limitations Begins To Run Upon The Deemed Liquidation Of The Subject Entries

A cause of action accrues when "all events necessary to fix the liability of a defendant have occurred."  *United States v. Cocoa Berkau, Inc*., 990 F.2d 610, 613 (Fed. Cir. 1993).  The overwhelming weight of authority establishes that all events necessary to fix Aegis' liability occurred on June 7, 2005, when the Subject Entries were deemed liquidated.

For example, on September 16, 2020, the United States commenced a remarkably similar case against American Home Assurance Company ("American Home") to collect on bonds securing antidumping duties on entries of preserved mushrooms. *See AHAC*, 653 F. Supp. 3d 1277

(Ct. Int'l Trade 2023). The underlying entries were deemed liquidated between February 20, 2003, and January 11, 2004. *Id.* at 1281. "Then, more than a decade passed. During that time, Customs took no action to collect on the debts owed by the importers…." *Id.* Approximately 11 years after the deemed liquidations, on September 26, 2014, Customs finally sent bills to the importer and, on July 6, 2015, and February 3, 2016, sent bills to the surety, American Home. *Id.* at 1281-82. Approximately four years later, Customs commenced a collection action. *Id.* at 1282. Among other defenses, American Home asserted that the action was time barred by the applicable statute of limitations, as it was not filed within six-years of the deemed liquidations. Customs argued that its action was timely because the six-year statute of limitations did not commence upon deemed liquidation, but only when Customs issued a bill to the surety. Rejecting Customs' argument, the *AHAC* Court found that the statute of limitations commenced upon deemed liquidation. *Id.* at 1286-93. The Court explained that all elements necessary for its claim existed at deemed liquidation (duty liability had attached and the amount of liability became fixed) and therefore the statute of limitation commenced at that time. As the Court explained, "[t]he rationale for treating the date of liquidation as the date of accrual of a bond claim is straightforward. By law, an importer is liable for duties on the merchandise that it imports; this debt for duties attaches at the time of importation." Id. at 1289 (citing 19 C.F.R. § 141.1(b)(1); *see also Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1218 (Fed. Cir. 2018) (citing 19 C.F.R. § 141.1(a)). Because the action was not commenced within six years of the deemed liquidation of the underlying entries, the Court granted summary judgment in AHAC's favor.[2]

---

[2] In the alternative, the *AHAC* Court found that CBP could not collect on the bond because it failed to send its first demand within a reasonable amount of time. *AHAC, 653 F. Supp. 3d at* 1293-95.

On November 22, 2022, the Government filed another nearly identical complaint against Aegis. *See United States v. Aegis Security Insurance Company*, No. 22-00327, 2025 WL 1650025 (Ct' Int'l Trade June 11, 2025) (*Aegis II*).  In *Aegis II* this Court again determined that the statute of limitations to collect unpaid duties from a surety begins to run at deemed liquidation.  In particular, the Government brought a claim against Aegis to collect on bonds securing antidumping duties on an entry of honey.  The underlying entry was deemed liquidated on March 19, 2009.  Id. at *2.  The government did not bill the importer until November 25, 2016 (over seven years later) and "[o]n February 6, 2017, Customs made its first payment demand on Aegis…"  *Id.*  Payment was not made, and the government filed an action against Aegis. Aegis raised several arguments in defense including that the government's claim was time barred by the applicable six-year statute of limitations.  As in *AHAC*, the government argued that its action was timely because the statute of limitations did not begin to run until CBP sent a demand for payment, and the action was commenced within six years of that demand.   The *Aegis II* Court granted summary judgment in favor of Aegis finding that the complaint was untimely[3] explaining that "[b]ecause Aegis was jointly and severally liable for the unpaid duties, the government's cause of action against Aegis accrued at the same moment that it accrued against [the importer]: the date of liquidation. Slip Op. at 12.  "[A]lthough Customs made two demands on Aegis, these demands were not a necessary event for the Government's cause of action." *Id*. at *5 (Citing *Cocoa Berkau*, 990 F.2d at 614).

Although *AHAC* and *AEGIS II* are the most recent cases to find the statute of limitations accrues at deemed liquidation, they are far from the only cases to make such an unremarkable

---

[3] In the alternative, the *Aegis II* Court held that CBP could not recover on the bond because CBP's failed to send its first demand within a reasonable amount of time.  *Aegis II at * 8.*

finding. Indeed, more than eight years ago, this Court issued a similar opinion, which was affirmed *per curiam* by the Federal Circuit:

> Because Customs failed to liquidate within six months after the date of publication of the notices of rescission in the Federal Register, these entries were liquidated by operation of law at the entered rates, **at which time the Government's cause of action on the bonds began to accrue. Having failed to bring its collection actions within six years of the dates these entries were deemed liquidated, the Government's right to collect any duties from [the importer] … is time-barred**.

*United States v. Am. Home Assurance Co.* (*AHAC 2016*), 151 F. Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2016) (emphasis added), *as amended* (Mar. 15, 2016), *aff'd* 776 F. App'x 707 (Fed. Cir. 2019) (per curiam). *See also United States v. Int'l Fid. Ins. Co.*, 273 F. Supp. 3d 1170, 1177 (Ct. Int'l Trade 2017) ("When liquidation occurs by operation of law, the six-year statute of limitations commences on the date of the deemed liquidation"); *United States v. Great Am. Ins. Co.*, 791 F. Supp. 2d 1337, 1367-68 (Ct. Int'l Trade 2011) ("The Government's cause of action accrued six months after publication of the Notice of Rescission when the [importer's] Entries [were] deemed liquidated [by operation of law] and the Government's right to collect additional duties attached." (emphasis omitted)).[4]

---

[4] *But see United States v. Aegis Security Insurance Co.* (*Aegis I*), 693 F. Supp. 3d 1328 (Ct. Int'l Trade 2024) (holding that the six-year statute of limitations began to run against a surety upon CBP's issuance of a demand). The *Aegis I* Court largely based its decision on the language of 19 U.S.C. § 1505(b), explaining that "[t]he critical language states that the duties 'are due *30 days after the issuance of the bill*[.]'" 693 F. Supp. 3d at 1337 (emphasis in original). Based on this language, the *Aegis I* court determined that all of the events necessary to breach the Subject Bond and start the United States' cause of action to accrue did not occur until after a bill was issued.

*Aegis I* was incorrectly decided on this point. As the *Aegis II* Court explained, while "the language of 19 U.S.C. 1505(b) on its face suggests that the statute of limitations runs from the date of the issuance of the bill, such an interpretation runs contrary to Congressional intent and would lead to untenable results." *Aegis II* at *4. Indeed, "19 U.S.C. 1505(d) states that 'any unpaid balance shall be considered delinquent and bear interest . . . from the date of liquidation or reliquidation . . .'. This indicates that Congress considered the date of liquidation, not the date of the issuance of the bill, as the moment at which liability attaches. *Id*. In any event, like *AHAC*

So unremarkable was the proposition that the statute of limitations began to run at liquidation, the government itself until recently agreed.  *See United States v. Am. Home Assurance Co.*, 35 C.I.T. 585, 588 (2011) (reporting that the United States had "agree[d] that the statute of limitations on the Government's claims runs from the date of liquidation").  *See also Application for Further Review of Protest No. 5201-13-100147*, No. HQ H249804, 2017 U.S. Custom HQ Lexis 1211, at *8 (Cust. B. & Dec. Apr. 3, 2017) ("HQ H249804") (asserting that Customs "right of action against a surety accrues within six years of the thirtieth day after liquidation 'regardless of whether an importer's or surety's protest deprives the assessment of duties of its final effect.'" (quoting *United States v. Ataka Am., Inc.*, 826 F. Supp. 495, 503 (Ct. Int'l Trade 1993)).

**C.    Section 1505 Confirms The Statute Of Limitations Against A Customs Surety To Collect On A Bond Commences Upon Deemed Liquidation**

The plain language of 19 U.S.C. § 1505(b) makes clear that Customs' cause of action accrues for collecting duties on entries liquidated under the deemed liquidation statute at the time of deemed liquidation.

> **(b) Collection or refund of duties, fees, and interest due upon liquidation or reliquidation**
> The Customs Service shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation.  Duties, fees, and interest determined to be due upon liquidation or reliquidation are due 30 days after issuance of the bill for such payment.  Refunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation.

19 U.S.C. § 1505(b) (emphasis supplied).  According to the first sentence of Section 1505(b), duty liability is "**determined on a liquidation or reliquidation**."  The second sentence makes clear

---

and *Aegis II*, the Court also found in *Aegis I* that CBP failed to issue its demand within a reasonable amount of time and could therefore not collect on the bond.  *Aegis I*, 693 F. Supp. 3d at 1340.

that duties are "**determined to be due upon liquidation**," in this case, by deemed liquidation. The third sentence of Section 1505(b) makes the point that refunds shall be paid within 30 days of "**liquidation or reliquidation**."   In all instances, the event of liquidation or reliquidation, not a demand by Customs, establishes the importer's and surety's liability for duties (and Customs' liability for refunds).  Nothing in the language of Section 1505(b) changes the time of accrual for purposes of the statute of limitations.  Indeed, the words "breach" and "demand"—the events the United States identifies as the commencement of the statute of limitations—do not even appear in Section 1505(b).

Second, to reinforce the point, Congress used the mandatory term "shall" in Section 1505(b) solely in connection with Customs' duty to collect interest and its duty to refund excess moneys deposited "**as determined on a liquidation or reliquidation**."  The mandatory "shall" is not used in connection with Customs' issuance of a bill.  Indeed, nothing in Section 1505(b) even requires Customs to send a bill.  Section 1505(b) therefore allows for the collection of duties and interest thirty days after billing the duties **determined to be due on liquidation** but does not create a new cause of action for the collection of liquidated duties at the time of Customs' later ministerial "demand" for payment.  Although billing may be a self-imposed prerequisite to collecting interest on any duties determined to be due on liquidation, no statute or regulation holds that billing is a prerequisite to filing a suit for collection of the actual duties determined to be due on liquidation. *See United States v Cocoa Berkau*, 990 F. 2d 610, 614 (Fed. Cir. 1993) (noting that the "demand made by Customs upon the surety was merely a procedural step for obtaining damages and did not in itself create liability").

Third, the collection statute, 19 U.S.C. § 1505, was never amended for the purpose of expanding Customs' authority to delay the collection of duties assessed on liquidation of the

entries under the liquidation statute, 19 U.S.C. § 1504.  The 1984 and 1993 amendments to the collection statute, 19 U.S.C. § 1505(b), were enacted for no purpose other than to set the moment in time when duties became delinquent for the purpose of calculating the amount of remedial interest due under Section 1505(c).  In particular, the 1993 amendment makes clear that Congress intended to provide the importer with a 30-day grace period for the payment of bills without interest (and to mandate the payment of interest after the expiration of the 30-day period).  The amendment also provided a 30-day deadline for Customs to make refunds with interest.  The legislative history to the 1993 amendment makes clear that Congress intended to "provide equity in the collection and refund of duties and taxes, together with interest, by treating collections and refunds equally," not to indefinitely extend the liability of the importer or surety until such time as Customs issued a bill.  H.R. Rep. No. 103-361, pt. 1, at 140 (1993) as reprinted in 1993 U.S.C.C.A.N. 2552, 2690.

Fourth, if the text of Section 1505(b) were not conclusive—which it is—Section 1505(d), cited in *Aegis II*, leaves no doubt that duties are due, and the United States' cause of action against a surety to collect them accrues, upon liquidation or reliquidation, not upon Customs' demand:

> **(d) Delinquency**
>
> If duties, fees, and interest determined to be due or refunded are not paid in full within the 30-day period specified in subsection (b), any unpaid balance shall be considered delinquent and bear interest by 30-day periods, at a rate determined by the Secretary, from the date of liquidation or reliquidation until the full balance is paid.  No interest shall accrue during the 30-day period in which payment is actually made.

19 U.S.C. § 1505(d) (emphasis supplied).  This provision reflects the fact that the importer's and surety's liability is fixed at the time of liquidation.  *Thyssenkrupp Steel N. Am., Inc.*, 886 F.3d at 1218 (citing 19 C.F.R. § 141.1(a)).  If Customs were correct that importers and sureties owe nothing until a demand is made—which it is not—then the statute would say that interest starts

11

running from the date of Customs' demand on the principal.  The statute would not say that interest runs on unpaid balances from the date of liquidation or reliquidation.  And if interest against the surety accrues upon liquidation or reliquidation, so too does the United States' cause of action. Otherwise, the government could run up interest obligations of sureties simply by withholding its demand.

Based on the relevant statutes and overwhelming weight of authority, Aegis's obligation was fixed on June 7, 2005, as a consequence of the deemed liquidation of the Subject Entries. Amended Compl. ¶¶ 16, 17.  Once liquidation occurred, the only remaining event "necessary for Customs to sue on the debt … is that it must be unpaid." *AHAC*, 653 F. Supp. 3d at 1290.  "[W]hen one promises to pay, the right of action on that promise is complete and perfect the moment the debt to which the promise relates becomes due and remained unpaid." *Id.* (quoting In *re H.L. Herbert & Co.*, 262 F. 682, 684 (2d Cir. 1919)).  Therefore, the Government's cause of action against Aegis commenced on June 7, 2005, and expired on June 7, 2011.

## CONCLUSION

Because the action was filed approximately 14 years after the statute of limitations had expired against Aegis, the case should be dismissed.

Respectfully submitted,

/s/ *Jason M. Kenner*
Jason M. Kenner
Sandler, Travis & Rosenberg P.A.
675 Third Avenue
Suite 2425
New York, New York 10017
Tel.: 212-549-0137
E-Mail: jkenner@strtrade.com

/s/ *Jeffery M. Telep*
Jeffery M. Telep
King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Tel.: 202-626-2390
E-Mail: jtelep@kslaw.com

*Attorneys for Defendant Aegis Security Insurance Company*

June 30, 2025

## CERTIFICATE OF COMPLIANCE

I, Jason Kenner, an attorney at the law offices of Sandler, Travis & Rosenberg P.A, who is responsible for the Defendant's memorandum in support of Defendant's motion to dismiss, dated June 30, 2025, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 5,021 words.